UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILLIAM TIUL XUC,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:26-CV-374-KAC-MJD |

**ORDER**

Petitioner William Tiul Xuc, a Guatemalan national, is purportedly being held by the Polk County, Tennessee Sheriff on a detainer from the United States Immigration and Customs Enforcement ("ICE") [Doc. 1 ¶¶ 3, 10]. He has purportedly been "in detention since November 21, 2026" [*Id.* ¶ 10]. Counsel retained by Petitioner's wife filed a "Petition for Writ of Habeas Corpus" on November 22, 2026, seeking an order requiring Respondent to either release Petitioner from custody or "release him unless they provide him with a constitutionally adequate bond hearing within seven days" [*Id.* at 1].

To move forward, the Court must address two issues. First, because the Petition was filed through counsel at the behest of Petitioner's wife the day following Petitioner's detention, it is unclear if Petitioner was in this District when the petition was filed. This Court has an affirmative obligation to ensure that it has jurisdiction to hear this action. *See* 28 U.S.C. § 2241(a). To address this foundational jurisdictional issue, Respondent must file a Notice by **November 30, 2026**, identifying Petitioner's (1) "district of confinement" at the time the Petition was filed on November 22, 2026 at 9:18 a.m. Eastern Standard Time and (2) current location and immediate

custodian. *See Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)).

Second, if this Court has jurisdiction, it is not clear whether (1) Petitioner has authorized the filing of the Petition by counsel (2) or if not, whether the Petition could properly be filed as a "next friend" petition. The Petition does not contain facts showing that Petitioner authorized counsel to file the Petion on his behalf. And Petitioner did not sign the Petition. Under 28 U.S.C. § 2242, a habeas petition must generally "be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. And if "next friend" standing is required, it unclear that the requirements for "next friend" standing are present or shown here. *See, e.g., Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990), *Cardin v. United States*, 947 F.3d 373, 376 (6th Cir. 2020). To resolve this issue, by **December 1, 2026**, Petitioner must make an appropriate filing identifying how he wishes to proceed and the authorization for proceeding in that way.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge